Filed 7/20/22  Nobel Textile v. Yashouafar CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NOBEL TEXTILE, INC., | B317019 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BC704117 |
| DAVID YASHOUAFAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Green, Judge.  Affirmed.

Fairview Law Firm, Fahim Farivar, Brian Ning and Catherine Jung for Defendant and Appellant.

Law Offices of Nico N. Tabibi, Nico N. Tabibi and Charles Gardner for Plaintiff and Respondent.

————————————

David Yashouafar defaulted on a civil case against him.  He appeals the trial court's denial of his motion to set aside the default.  We affirm.

I

In April 2018, Nobel Textile, Inc. filed a complaint against David Yashouafar and several of his companies.  It alleged 16 causes of action stemming from Nobel's predecessor lending money to Yashouafar and delivering fabrics to him.  Nobel claimed Yashouafar took the loan and accepted the goods but did not pay.  The balance was over $100,000.

On January 7, 2019, Yashouafar filed an answer denying the allegations.  On June 24, 2019, his counsel filed a motion to be relieved, and the court granted the motion in September 2019.  Then in November, a minute order noted, "[Yashouafar's] former counsel might be retained for this case again."  Yet the minute order states no appearance for Yashouafar.  Neither party explains why the minute order included this statement.

After September 2019, Yashouafar vanished from the case.  Meanwhile the court held a hearing on an order to show cause regarding default against the corporate defendants in January 2020 and a final status conference in February 2021.  Continuances due to the pandemic caused the year-long delay.

On January 27, 2021, the court held a hearing on an order to show cause regarding Yashouafar's own default.  Yashouafar did not appear.  The court struck Yashouafar's answer and entered default against him as of that date.  On February 11, 2021, Nobel filed a request for entry of default judgment against Yashouafar.

On April 21, 2021, represented by new counsel, Yashouafar filed a motion notifying the court of a stay pausing proceedings pending Yashouafar's motion to reopen the bankruptcy case of Nobel's predecessor in interest. The trustee declined to reopen the bankruptcy, however, and the case returned to the superior court.

Yashouafar filed a motion to set aside the default on July 8, 2021, pursuant to Code of Civil Procedure section 473, subdivision (b). He claimed that his failure to appear was because he "had no means to contact the Court and/or defend himself" during the COVID-19 pandemic, he had been sick himself, he never received notice of proceedings from Nobel, and these "issues were compounded" by his inconsistent representation. He attested he was now prepared to litigate and attached declarations from his new lawyer and himself.

The new lawyer declared Yashouafar hired him on February 23, 2021. Yashouafar declared his previous counsel represented him until January 2020 but did not consistently appear on his behalf. When Yashouafar tried to attend a hearing himself in January 2020, he was too late due to traffic. He said the February 11, 2021 request for entry of default is the first notice of any proceedings he had received since late 2019. He said he was "sick and hospitalized for a long period of time." Medical documents he attached showed he was treated in hospitals on three days in August and October 2020 for heart disease. These documents did not support his claim about being hospitalized for long periods of time.

The court held a hearing and allowed further briefing on the matter. After briefing, on October 14, 2021, the court denied the motion to set aside the default. It explained its ruling was

not based on whether Nobel properly served Yashouafar, but on "the fact that *this court* sent repeated notices to Defendant [Yashouafar], at the correct address, for well over a year" and that he, "despite being aware of this case, simply disappeared for 16 months." (Italics in original.) The court found it "simply too difficult to believe that every single item went awry" and noted the presumption that mailed items are received. (Evid Code, § 641.) The court set a hearing for an order to show cause regarding entry of the default judgment for January 24, 2022.

Yashouafar appealed before the trial court entered judgment against him. In the interests of justice and to avoid delay, we treat Yashouafar's appeal as from a judgment. (See *Susag v. City of Lake Forest* (2002) 94 Cal.App.4th 1401, 1407, fn. 2.)

## II

Yashouafar argues denying his motion to set aside default was an abuse of discretion. He says his failure to appear in the case between September 2019 and February 2021 was excusable because of the confusion of the COVID-19 pandemic or because of Nobel's intentionally bad service.

## A

Code of Civil Procedure section 473, subdivision (b) provides a trial court has discretion to set aside entry of default on the basis of mistake, inadvertence, surprise, or excusable neglect. The defendant bears the burden of establishing a right to relief. He must specify the actual cause of his failure to present a defense the first time around and explain why that failure should be excused. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Neglect is excusable if a reasonably prudent person in similar circumstances might have made the

4

same mistake.  (*Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116, 1132.)  A classic example is an otherwise diligent attorney inadvertently entering the wrong date in a calendar.  (*Id.* at p. 1133.)

Yashouafar claims his long neglect of this case was excusable because he received no notice of proceedings.  He says the court "only" mailed him four notices between May 2020 and January 2021 and that "realistically, [Yashouafar] was only available to receive the May 2020 notice."  That notice, he says "could have been lost in the mail."  His evidence was a personal declaration claiming *either* he did not receive notice of proceedings *or*, if he did, he "may have misunderstood the significance of any documents that [he] might have received in the mail" because he does not speak fluent English.

Yashouafar seems to say in his opening brief he was unable to receive notices or to attend the final status conference in February 2021 because he was sick with COVID-19.  A court may in its discretion grant relief from default on the basis of illness.  (E.g., *Kesselman v. Kesselman* (1963) 212 Cal.App.2d 196, 207–208 [affirming grant of relief when defendant had suffered a paralytic stroke].)  But Yashouafar's citation to the record does not show any positive test or COVID-19 treatment—instead it leads to medical reports from August and October 2020 concerning Yashouafar's treatment for heart disease and including a *negative* COVID-19 test result.

In any event, reasonably prudent people with heart disease or COVID-19 do not neglect court cases against them for over a year.  Yashouafar has not shown the trial court or this court how his illness excused his neglect.  We cannot say the trial court

5

abused its discretion by not finding a colorable excuse on this record.

## B

Yashouafar also argues the court should have granted him relief because Nobel committed extrinsic fraud by intentionally serving him at the wrong address. Equitable relief from default on the basis of extrinsic fraud requires a defendant in default to demonstrate (1) he has a meritorious case, (2) he has a satisfactory excuse for not presenting a defense to the original action, and (3) he demonstrated diligence once the default was discovered. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982.)

Yashouafar appears to have two mailing addresses, in Los Angeles and Tarzana. The Los Angeles address, where Nobel served him, is his business address. Yashouafar says he received nothing from Nobel, but he does not clarify whether or not he could receive mail at the Los Angeles address in the relevant time frame. We note Yashouafar's previous attorney served him at both addresses, and the court sent all its minute orders to the Tarzana address Yashouafar admitted was correct.

Nobel's alleged improper service is no excuse here because *the court* mailed notices to the correct address throughout Yashouafar's absence. Thus Yashouafar has no excuse for not presenting a defense in this action, and his extrinsic fraud claim fails.

Yashouafar cannot dispute he knew of the case against him. He supplied an answer in January 2019, then failed to check on the case's status for over a year. The trial court correctly noted that "[i]gnoring things in the hope they go away is no one's idea of a viable legal strategy." The court was right to deny relief from default.

6

## DISPOSITION

We affirm the judgment and award costs to the respondent.


                                              WILEY, J.


We concur:



          GRIMES, Acting P. J.



          HARUTUNIAN, J.*

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.